IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS TERRELL GALY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv37-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Federal inmate Marcus Terrell Galy ("Galy") is before the court on a *pro se*

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## I.   INTRODUCTION

On, July 29, 2005, Galy pled guilty under a plea agreement[1] to aiding and

abetting a carjacking, in violation of 18 U.S.C. §§ 2119 & 2, and aiding and abetting

the possession of a firearm in furtherance of a crime of violence, in violation of 18

U.S.C. §§ 924(c)(1)(A)(ii) & 2.  On January 23, 2006, the district court sentenced

Galy to consecutive terms of 87 and 84 months' imprisonment, for a total term of 171

months.  Judgment was entered by the district court on January 23, 2006.  Galy did

not take a direct appeal.

---

[1] The plea agreement contained an appeal/collateral-attack waiver with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.

On January 8, 2014, Galy filed this § 2255 motion asserting claims that (1) the indictment was insufficiently specific; (2) his guilty plea and appeal waiver were not knowing and voluntary; (3) his trial counsel rendered ineffective assistance; and (4) his sentence was wrongly enhanced in violation of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). *Doc. No. 1* at 3-19.

The government maintains that Galy's § 2255 motion is time-barred because it was filed after expiration of the one-year limitation period in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Doc. No. 3* at 7-10. The court agrees and finds that the § 2255 motion should be denied without an evidentiary hearing because it was not filed within the time allowed by federal law.[2]

## II. DISCUSSION

Under the AEDPA, the timeliness of a § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;

---

[2] The government also argues that Galy's motion is barred by the appeal/collateral-attack waiver in his plea agreement. *Doc. No. 3* at 6-7. The court pretermits discussion of this argument – or assessment of the scope and enforceability of the waiver provision – because Galy's motion is clearly time-barred.

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the district court entered its judgment on January 23, 2006.  Galy took no direct appeal.  For purposes of the AEDPA, then, Galy's conviction became final on February 2, 2006, that is, 10 days after the district court entered its judgment.[3] *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).  Under 28 U.S.C. § 2255(f)(1), Galy had until February 2, 2007, to file a timely § 2255 motion. However, he did not file his § 2255 motion until January 8, 2014.

Galy maintains that § 2255(f)(1) is not controlling in his case and seems to argue  that his motion is timely because it was filed within a year after the Supreme

---

[3] When the district court entered its judgment in Galy's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment.  Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.  Fed.R.App.P. 4(b)(1) (2009).

Court's June 17, 2013, decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).  In *Alleyne*, the Court held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii), for brandishing or discharging a firearm, triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt.  133 S.Ct. at 2161-63.  More broadly, the Court held that, except for prior convictions, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" or admitted by the defendant.  *Id*. at 2155. *Alleyne* overruled *Harris v. United States*, 536 U.S. 545, 557 (2002), which had earlier held that facts found by a judge could increase the statutory mandatory minimum sentence applicable to a defendant.  *Alleyne*, 133 S.Ct. at 2155.

Galy argues that the district court violated *Alleyne* by increasing his statutory minimum based on factfinding at sentencing that he brandished the firearm he possessed in furtherance of his crime (a fact not charged in the indictment), which increased the mandatory minimum sentence for his 18 U.S.C. § 924(c) offense to "not less than 7 years" from a previous mandatory minimum of not less than 5 years.  *See* 18 U.S.C. § 924(c)(1)(A)(ii) & § 924(c)(1)(A)(i).  He contends that *Alleyne* recognizes a retroactively applicable new substantive rule and that, consequently, his § 2255 motion is timely, presumably under 28 U.S.C. § 2255(f)(3), which provides

that the AEDPA's one-year limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Notwithstanding Galy's contention that *Alleyne* is retroactive, the Eleventh Circuit has issued multiple opinions holding that *Alleyne* does not apply retroactively to cases on collateral review.  *See United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *Chester v. Warden*, 552 Fed. App'x 887, 891 (11th Cir. 2014) ("[B]ecause it is based on the *Apprendi* rule, *Alleyne*'s rule does not apply retroactively on collateral review."); *Starks v. Warden, FCC Coleman-USPI*, 565 Fed. App'x 869, 871-72 (11th Cir. 2013).  Thus, Galy's attempt to proceed under *Alleyne* must fail.  The provisions in § 2255(f)(1) – not § 2255(f)(3) – control the limitation period here, rendering Galy's § 2255 motion untimely.

Galy asserts that even if his § 2255 motion is untimely, he is entitled to relief because the Supreme Court's holding in *Allyene* renders him "actually innocent" of the "brandishing" enhancement applied at sentencing.  *Doc. No. 5* at 11-15.  However, *Alleyne* is a sentencing-error case and does not establish an intervening change in the law that decriminalizes the acts which form the basis of Galy's conviction.  *See, e.g., Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003)

5

(holding *Apprendi* could not be basis for actual innocence claim); *Dais v. Coakley*, 2014 WL 2197859, at *2 (N.D. Ohio May 27, 2014).  Thus, Galy fails in his attempt to establish actual innocence based on a new construction of law.

Finally, Galy maintains he is entitled to equitable tolling of the limitation period in light of *Alleyne*, seeming to suggest that the decision in *Alleyne* constitutes an "extraordinary circumstance" that prevented him from filing his § 2255 motion on time (presumably, because *Alleyne* was decided long after expiration of the limitation period).  *Doc. No. 5* at 11-12.  However, "judicial decisions where a defendant is a non-party do not constitute extraordinary circumstances to warrant equitable tolling." *Edwards v. United States*, 2014 WL 5113607, at *3 (M.D. Ala. Sep. 29, 2014).  *See also, e.g., Whiteside v. United States*, 775 F.3d 180, 183-87 (4th Cir. 2014) (court rulings generally do not warrant equitable tolling); *United States v. Mitchell*, 2014 WL 5106402, at *4 (D. Vt. Oct. 10, 2014) (deeming equitable tolling unavailable because "the circumstance of the new rule announced in *Alleyne* is not extraordinary ... [particularly given that] § 2255(f)(3) covers the possibility of new rights announced by the Supreme Court").  Galy is not entitled to equitable tolling of the limitation period.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

28 U.S.C. § 2255 motion be DENIED with prejudice because it is untimely under the one-year limitation period in 28 U.S.C. § 2255(f).  It is further

It is further ORDERED that the parties shall file any objections to this Recommendation **or before December 1, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of November, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE


7